IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLER WILLIAMS REALTY, INC., | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:08-CV-1292 |
| | § | |
| CHARLES LAPEER a/k/a CHARLES | § | |
| LAPIERRE, individually and d/b/a/ | § | |
| KELLER WILLIAMS FOLDERS, KW | § | |
| FOLDERS, PANDORA FOLDERS, | § | |
| LIBERTY FOLDERS, REALTOR | § | |
| FOLDERS, and | § | |
| REALTORFOLDERS.COM and JOHN | § | |
| RICHARDS, individually and d/b/a | § | |
| KELLER WILLIAMS FOLDERS, KW | § | |
| FOLDERS, PANDORA FOLDERS, | § | |
| LIBERTY FOLDERS, REALTOR | § | |
| FOLDERS, and | § | |
| REALTORFOLDERS.COM, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION FOR SUBSITUTED SERVICE
## AND REQUEST FOR LEAVE TO SERVE SUBPOENAS

Plaintiff, Keller Williams Realty, Inc. ("Keller Williams"), files this Motion for Substituted Service and Request for Leave to Serve Subpoenas, and respectfully shows the Court the following:

### I.    INTRODUCTION & BACKGROUND

Defendants are in the business of scamming Keller Williams vendors out of large sums of money by the use of fraudulent e-mails, and Defendants' infringing and confusing use of Keller Williams' registered trademarks.  As alleged in more detail in Keller Williams' Original Complaint, Defendants have engaged in a practice of sending fraudulent e-mails to Keller

Williams vendors and requesting that the vendors visit Defendants' website, *www.realtorfolders.com* and purchase advertising space in "presentation folders," which Defendants claim they will produce  (Ex. A, Bloom Aff., at ¶¶ 3, 7).  Once Defendants, using Keller Williams' registered trademarks and claiming an association with Keller Williams, entice Keller Williams vendors into sending them money, the vendors never hear from Defendants again. (*Id.* at ¶ 3).  Keller Williams commenced the above-styled lawsuit against Defendants on April 28, 2008 by filing its Original Petition, Jury Demand and Application for Preliminary and Permanent Injunctive Relief.

Keller Williams attempted to serve Defendant Charles Lapeer on or about May 1, 2008 by hand delivery at 14781 Memorial Drive, Suite 895, Houston, Texas 77079 (the "Memorial Drive Address"), which address Mr. Lapeer has claimed to be his business address in e-mails to Keller Williams vendors.  (*Id.* at ¶¶ 6, 8, Tabs 3, 5).   The address turned out to be a postal store, and the process server was told that U.S. Global Services picks up mail for Mr. Lapeer at the store. (*Id.* at ¶ 8, Tab 5).   When the process server contacted U.S. Global Services, he was told that he could leave a note explaining what he had, which would be delivered to Mr. Lapeer with his mail, but that no further information regarding Mr. Lapeer could be disclosed. (*Id.*).  Keller Williams served Defendant Charles Lapeer at the Memorial Drive Address on May 15, 2008 by Certified Mail, return receipt requested, and the package was signed for.  (*Id.* at ¶ 9, Tab 6).

Keller Williams attempted to serve Defendant John Richards at 5715 Will Clayton, Number 1564, Humble, Texas 77338, which address Mr. Richards has previously used in correspondence with Keller Williams.  (*Id.* at ¶¶ 10-11, Tabs 7-8).  This address, however, turned out to be a mail and parcel center called USA@2ME.COM.  (*Id.* at ¶ 11, Tab 8).  The General Manger of USA@2ME.COM stated that Mr. Richards' mail box was closed in February 2007

and that the manager could not provide contact information with respect to the former lessee. (*Id.*)

Keller Williams has also served Defendants through the Texas Secretary of State, which forwarded a copy of the Summonses and Complaint to Mr. Lapeer and Mr. Richards at P.O. Box 99800, Emeryville, California, 94662 ("Emeryville Address"), which is the address identified with the registrant of the website *www.realtorfolders.com*, through which Defendants have infringed Keller Williams' trademarks and committed much of the fraud at issue. (*Id.* at ¶¶ 12-13, Tabs 9-10). The Secretary of State issued Certificates of Service with respect to Mr. Richards and Mr. Lapeer, indicating that the certified mail had been signed for by their agents, on or about May 27, 2008. (*Id.* at ¶ 13, Tab 10).

Upon information and belief, Defendants' website, *www.realtorfolders.com*, is administered by Yahoo! Inc. and has privacy protection enabled. (*Id.*., at ¶ 14). Therefore, while service upon the Emeryville Address likely reached Defendants, the Emeryville Address is believed to be that of an Internet privacy protection service, rather than that of Defendants. (*Id.*). The undersigned counsel requested that Yahoo! Inc., which is believed to run the name server for the website *www.realtorfolders.com*, remove the privacy protection and reveal the contact information for the registrant, and on July 2, 2008, Yahoo! Inc. replied stating that such information could only be provided in response to a subpoena or other process. (*Id.*, at ¶ 14, Tab 11).

While Keller Williams is confident that Defendants have received process and are on notice of this suit, Keller Williams would like to conduct expedited discovery to learn Defendants true locations from the companies holding Defendants' present and former post office boxes, from Defendant Charles Lapeer's mail delivery service, from Yahoo! Inc., which is

believed to run the name servers for Defendants' website, and from any other source likely to have Defendants' current contact information.   Further, since Defendants have continued actively sending and receiving e-mails, including sending fraudulent e-mails to Keller Williams realtors, since this Lawsuit was filed, Plaintiffs request leave, out of an abundance of caution, to serve Defendants with the Original Complaint and Summonses in the above-styled lawsuit by electronic mail at their frequently used e-mail addresses.

## II.   ARGUMENTS AND AUTHORITIES

Keller Williams believes it has properly served Defendants with process and is prepared to seek a Default Judgment due to Defendants' failure to answer.   However, because Defendants use post office boxes, private mail delivery services, and website privacy protection services, Keller Williams is not aware of Defendants' physical addresses and, as such, any judgment Keller Williams obtains against Defendants will be difficult to enforce.   Further, out of an abundance of caution, to ensure that Defendants are aware of this action, Keller Williams requests leave seek discovery regarding Defendants' contact information and serve Defendants by e-mail at the e-mail addresses they have repeatedly used to infringe Keller Williams' trademarks and commit fraud, including the e-mail address *artwork@videotron.com*, which Defendants used as recently as June 16, 2008 to send an e-mail to a Keller Williams vendor.   (*Id.* at ¶ 5, Tab 2).   Thus, Keller Williams wants to make certain that all reasonable means of serving Defendants have been exhausted prior to moving for default judgment.   And if Defendants do not appear and a default judgment is entered, Keller Williams would like to ensure that such a judgment will be enforceable.

A.      **Keller Williams Requests that the Court Authorize Substituted Service of Process on Defendants Via E-Mail.**

Pursuant to Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 106(b), a court can authorize service "in any…manner that…will be reasonably effective to give the defendant notice of the suit."  As set forth above, Keller Williams has reason to believe that Defendants have been properly served with process.  Out of an abundance of caution, however, the Court should authorize substituted service on Defendants via e-mail, which would ensure that Defendants receive notice of this suit.

Federal courts have authorized a wide variety of alternative methods of service of process, including service by e-mail.  *See, e.g., Nabulsi v. Al Nahyan*, 2007 WL 2964817, at *5-8 (S.D. Tex. 2007) (Lake, J.) (recognizing that service of process by e-mail may be appropriate in some cases); *see also Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007 (9th Cir. 2002). Defendants are actively using several e-mail addresses.  As recently as June 16, 2008, Defendants sent a fraudulent e-mail to a Keller Williams vendor from *artwork@videotron.ca*. (Ex. A, Bloom Aff., at ¶ 5, Tab 2).  This particular e-mail was signed by Charles Lapeer.  (*Id.* at Tab 2).  Defendants have also sent similar e-mails from the addresses *sales@realtorfolders.com*, *impressions@videotron.ca*, *artwork@realtorfolders.com*, and *pandorafolders@videotron.ca*. (*Id.* at ¶ 4, Tab 1).  Defendants' website, *www.realtorforlders.com*, lists *sales@realtorfolders.com* as the contact for Pandora Folders, and Defendant John Richards has corresponded with Keller Williams claiming an e-mail address of *john@realtorfolders.com*.  (*Id.* at ¶¶ 7, 10, Tabs 4, 7).   Therefore, service to the above-listed e-mail addresses, and other e-mail addresses which may be used by Defendants, would be a reasonably effective means of giving Defendants notice of the pending suit.  Keller Williams therefore requests leave to serve

Defendants by e-mail so that it can ensure that Defendants have received notice of this suit before it moves for default judgment.

**B.      Keller Williams Requests the Court Grant Leave to Serve Subpoenas to Acquire Information Concerning Defendants' Contact Information.**

Pursuant to Federal Rule of Civil Procedure 26(d), discovery prior to conferring as required be Rule 26(f) is permitted in appropriate cases with leave of the court.  Keller Williams seeks leave to subpoena Memorial Postal Center, U.S. Global Services, USA@2ME.COM, U.S. Global Services, Yahoo! Inc., and any other persons or entities which may have information leading to the physical whereabouts and contact information of Defendants.  Each of these entities is believed to have information which may lead to Defendants' whereabouts or contact information, but has refused to disclose such information upon informal request.  Keller Williams has reason to believe that these persons and entities could provide valuable information concerning Defendants' whereabouts and contact information that would assist in providing notice of this Lawsuit in time to prepare and file an answer if they so choose.  Further, Keller Williams seeks such information so that it, and the Court, may be able to enforce any judgment, whether by default or otherwise, which may ultimately be entered against Defendants.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Keller Williams Realty, Inc. respectfully requests that this Court:

1.      Grant this Motion for Substituted Service and Request for Leave to Serve Subpoenas in its entirety;

2.      Issue an Order allowing for substituted service of process, allowing Plaintiff to serve Defendants through e-mail;

3.      Issue an Order allowing Plaintiff to serve subpoenas to acquire information concerning Defendants' physical whereabouts contact information; and

4.      Grant Plaintiff such further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Jason P. Bloom_____
Jason P. Bloom
State Bar No. 24045511

HAYNES AND BOONE, LLP
901 Main Street, Suite 3100
Dallas, Texas  75202-3789
Telephone:      (214) 651-5000
Telecopier:     (214) 651-5940

ATTORNEY FOR PLAINTIFF KELLER
WILLIAMS REALTY, INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served on Defendants at the addresses indicated below on this 2nd day of July, 2008.

***Via Certified Mail, Return Receipt Requested***

14781 Memorial Drive
Suite 895
Houston, Texas 77079

5715 Will Clayton
Number 1564
Humble, Texas 77338

Realtorfolders.com
P.O. Box 99800
Emeryville, California 94662

/s/ Jason P. Bloom_____
Jason P. Bloom