**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| KELLER WILLIAMS REALTY, INC., § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. 4:08-CV-1292 |
| § | |
| CHARLES LAPEER, *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

The plaintiff, Keller Williams Realty, Inc., moves for substituted service under Rule 4 of the Federal Rules of Civil Procedure and requests leave to serve subpoenas to acquire information about the defendants' location and contact information. Based on the motion, the complaint, and the applicable law, this court grants the motion for substituted service and grants the request for leave to serve subpoenas. The reasons are explained below.

**I.   Background**

Keller Williams is a large real estate company that licenses market centers under a franchise system. (Docket Entry No. 1 at 3)  On April 28, 2008, Keller Williams sued Charles Lapeer and John Richards, alleging trademark infringement. Specifically, Keller Williams alleged that Lapeer and Richards "are in the business of scamming Keller Williams venders out of large sums of money by use of fraudulent e-mails and [d]efendants' infringing and confusing the use of [Keller Williams' trademarks]." (*Id*. at 5).  In its complaint, Keller Williams seeks injunctive relief, damages, costs, and attorney's fees. (*Id*. 13-20).  Keller

Williams also asserted two state-law claims – injury to business reputation or trademark/dilution and unfair competition – based on supplemental jurisdiction under 28 U.S.C. 1228(b) and 28 U.S.C. 1367(a). (*Id*. at 2-3).

Keller Williams attempted to serve Lapeer and Richards but lacks knowledge of their physical addresses. The address where Keller Williams tried to serve Lapeer, 14781 Memorial Drive, Suite 895, Houston, Texas 77079, was a postal store where a company called U.S. Global Services delivers Lapeer's mail. (Docket Entry No. 9 at 2). The address for Richards, 5715 Will Clayton, Number 1564, Humble, Texas 77338, was a mail and parcel center called USA@2ME.COM, which closed Richards's account in February 2007. (*Id*.). Keller Williams also served the defendants through the Texas Secretary of State, which sent a copy of the summonses and complaint to an address in California identified with a website, www.realtorfolders.com. This website was apparently used by the defendants in the business dealings that are the basis of Keller Williams's suit. (*Id*. at 3). Keller Williams believes the California address to be "that of an Internet privacy protection service, rather than that of the [d]efendants." (*Id*.)

On July 2, 2008, Keller Williams filed a motion for substituted service. Keller Williams asks leave to serve the original complaint and summonses by e-mail. Keller Williams also asks for leave to serve subpoenas on persons or entities likely to have information about the defendants' physical whereabouts and contact information.

**II.     Analysis**

    **A.     Motion for Substituted Service**

Keller Williams asks this court to rely on Rule 4(e)(1) of the Federal Rules of Civil Procedure and Texas Rule of Civil Procedure 106(b) to allow service by e-mail. Rule 106(b) of the Texas Rules of Civil Procedure allows a court to authorize service "in any [] manner that . . . will be reasonably effective to give the defendant notice of the suit" provided that a motion is filed "supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted" by other means as directed under Rule 106. TEX. R. CIV. P. 106(b). Keller Williams has supported its motion with such an affidavit. (Docket Entry No. 9, Exhibit A).

Keller Williams does not cite, and this court has not found, cases addressing service by e-mail under Rule 4(e)(1) and Texas Rule of Civil Procedure 106(b). One federal district court in Texas has recognized that service by e-mail may be appropriate under Rule 4(f) of the Federal Rules of Civil Procedure. *Nabulsi v. Al Nahyan*, 06-2683, 2007 U.S. Dist. WL 2964817, at *8 (S.D. Tex. 2007). A district court in another state has allowed substituted service by e-mail under Rule 4(e)(1) and the law of that state. In *Tishman v. The Associated Press*, No. 05-4278, 2006 U.S. Dist. WL 288369, at *1-3 (S.D.N.Y. Feb. 6, 2006), the court allowed substituted service by e-mail after the plaintiff had shown that "actual prior attempts to serve a party under each and every method provided in the statute [had] been undertaken." Other federal district courts have authorized service by e-mail on individuals in a foreign country under Rule 4(f)(3), which permits service "by other means not prohibited by international agreement as may be directed by the court." *See Rio Properties, Inc. v. Rio*

3

*Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 06-6572, 2007 WL 1140639 at *1 (N.D. Cal. April 17, 2007). *In re Int'l Telemedia Assoc., Inc.*, 245 B.R. 713, 720 (Bkrtcy. N.D. Ga. 2000).

Keller Williams proposes to send e-mail service to eight e-mail addresses that it asserts the defendants have used. (Docket Entry No. 9 at 5). Keller Williams points to the fact that one of the defendants, Charles Lapeer, sent an e-mail from one of those e-mail addresses as recently as June 16, 2008 as evidence that this method of service would be reasonably effective to provide actual notice of this suit. Under *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

The e-mail addresses Keller Williams wants to use for substituted service are addresses that Keller Williams asserts were used by the defendants themselves in carrying out the activities made the basis of this suit. One of those addresses was recently used by defendant Charles Lapeer. In *Rio Properties*, a case involving Rule 4(f), the Seventh Circuit upheld the district court's order allowing service by e-mail because "it was the method of service most likely to reach [the defendant]." *Rio Properties*, 284 F.3d at 1017. The circumstances of this case provide similar assurance. On this record, service by e-mail satisfies the requirements of Texas Rule 106(b) because it is reasonably likely to give the defendants actual notice of this suit.

    **B.**    **Request for Leave to Serve Subpoenas**

Keller Williams also asks for leave to serve subpoenas to acquire information about the defendants' location and contact information. Given the difficulties in obtaining information concerning the defendants' whereabouts, this court will allow subpoenas seeking this information from Memorial Postal Center, U.S. Global Services, USA@2ME.COM, Yahoo! Inc, and any other persons or entities which may have this information. *See Doe I v. Individuals*, 07-909, 2008 U.S. Dist. WL 2428206 at *1 (D. Conn. June 13, 2008) (allowing a third party subpoena to obtain the identities of anonymous internet posters).

### III.  Conclusion and Order

The motion for substituted service and for leave to serve subpoenas is granted. The plaintiffs may serve process on the defendants by e-mail at the following e-mail addresses: artwork@videotron.ca, sales@realtorfolder.com, impressions@videotron.ca, artwork@realtorfolders.com, john@realtorfolders.com, and pandorafolders@videotron.ca. Service is complete on the successful completion of the e-mail transmission.

The plaintiffs are also granted leave to issue subpoenas to the following third parties who may have information about the defendants' physical whereabouts: Memorial Postal Center, U.S. Global Services, USA@2ME.COM, and Yahoo! Inc.

SIGNED on July 31, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge