**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KELLER WILLIAMS REALTY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:08-CV-1292 |
| | § | |
| CHARLES LAPEER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINAL JUDGMENT, ORDER ENTERING DEFAULT,
AND PERMANENT INJUNCTION**

Plaintiff Keller Williams Realty, Inc. ("Keller Williams") moved for default judgment. The record shows that the defendants, Charles Lapeer a/k/a Charles Lapierre and John Richards, both sued individually and d/b/a Keller Williams Folders, KW Folders, Pandora Folders, Liberty Folders, Realtor Folders, and Realtorfolders.com (collectively, "defendants"), failed to answer or otherwise appear. Default is appropriate under FED. R. CIV. P. 55. No further hearings are required.

Based on the pleadings and Keller Williams's submissions, the following orders are entered:

1. The defendants, Charles Lapeer a/k/a Charles Lapierre and John Richards, both sued individually and d/b/a Keller Williams Folders, KW Folders, Pandora Folders, Liberty Folders, Realtor Folders, and Realtorfolders.com, are individually and severally liable to Keller Williams in the amount of $150,000.00 in statutory damages based on the

defendants' use of marks that are counterfeits of the registered marks KW, KELLER WILLIAMS and KW KELLER WILLIAMS REALTY.

2.   The defendants, Charles Lapeer a/k/a Charles Lapierre and John Richards, sued individually and d/b/a Keller Williams Folders, KW Folders, Pandora Folders, Liberty Folders, Realtor Folders, and Realtorfolders.com, are individually and severally liable to Keller Williams for attorneys' fees in the amount of $19,272.15 and costs of court in the amount of $3,189.48.

3.   The defendants, Charles Lapeer a/k/a Charles Lapierre and John Richards, individually and d/b/a Keller Williams Folders, KW Folders, Pandora Folders, Liberty Folders, Realtor Folders, and Realtorfolders.com, are individually and severally liable to Keller Williams for postjudgment interest at the rate of .69%, which will accrue on a per diem basis on all sums awarded until the monetary judgment is paid in full.

4.   The defendants, Charles Lapeer a/k/a Charles Lapierre and John Richards, sued individually and d/b/a Keller Williams Folders, KW Folders, Pandora Folders, Liberty Folders, Realtor Folders, and Realtorfolders.com, their affiliated companies, and their officers, directors, agents, employees, successors, assigns, attorneys, and all other persons or entities in active concert or participation with the defendants or their affiliated companies who receive notice of this injunction by personal service or otherwise, are permanently enjoyed from doing, aiding, causing, or abetting the following:

(a)   engaging in any acts or activities directly or indirectly calculated to trade on Keller Williams's trademarks, names, logos, reputation or goodwill, including any further

solicitation of Keller Williams's vendors, any further claims of association with Keller Williams, and any further use of Keller Williams's trademarks in emails, in advertisements, on invoices, or in content viewable on the World Wide Web;

(b) directly or indirectly using in commerce a reproduction, counterfeit, copy, or colorable imitation of Keller Williams's registered marks in connection with the sale, offering for sale, distribution, or advertisement of any goods and/or services, including any claimed association with Keller Williams, attempts to solicit Keller Williams customers by telephone, email, or otherwise, and use of Keller Williams's trademarks in emails or in any content viewable on the World Wide Web;

(c) directly or indirectly using any false designation of origin, false or misleading description of fact, or false or misleading representation of fact in connection with the sale of the defendants' claimed products or services, including any claimed association with Keller Williams, attempts to solicit Keller Williams's vendors or customers by telephone, email, or otherwise, and use of Keller Williams's trademarks in emails or in any content viewable on the World Wide Web;

(d) passing off, inducing, or enabling others to sell or pass off, as products or services produced by or for or distributed with authorization of Keller Williams, any product or service that is not the product or service of Keller Williams or is not produced under the control or supervision of Keller Williams and approved by Keller Williams, or is not distributed with the authorization of Keller Williams, including claiming association with Keller Williams, attempting to solicit Keller Williams's customers by telephone, email, or

otherwise, and using Keller Williams's trademarks in emails or in any content viewable on the World Wide Web;

(e) distributing a product or service or distributing catalogues, advertisements, promotional materials, emails, or price lists which either bear Keller Williams's trademarks or are likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of the defendants with Keller Williams, or as to the origin, sponsorship, approval of the defendants, the defendants' affiliated companies or the defendants' claimed products or services by Keller Williams, or which are otherwise presented as to create the impression that they are products of Keller Williams or are distributed with the authorization of Keller Williams or that the defendants are authorized agents or representatives of Keller Williams, including any claimed association with Keller Williams, attempts to solicit Keller Williams's customers by telephone, email, or otherwise, and use of Keller Williams's trademarks in emails or in any content viewable on the World Wide Web;

(f) accepting payment for any products or services offered for sale under a claimed affiliation with Keller Williams or by use of Keller Williams's trademarks;

(g) committing further acts that are likely to dilute the distinctive quality of Keller Williams's trademarks in violation of TEX. BUS. & COM. CODE § 16.29, including claiming any association with Keller Williams, attempting to solicit Keller Williams's customers by telephone, email, or otherwise, and using Keller Williams's trademarks in emails or in any content viewable on the World Wide Web; and

  (h) using Keller Williams's trademarks or claiming any association with Keller Williams for the purposes of defrauding Keller Williams's vendors and the general public.

  This judgment resolves all matters and claims raised in this civil action. All relief not granted is denied.

  SIGNED on December 15, 2008, at Houston, Texas.

          _____
            Lee H. Rosenthal
           United States District Judge